# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MALGORZATA KUBIAK,**
        **Plaintiff,**

    v.                                            Case No. 15-C-0813

**THOMAS P. SHANNON, BRUCE**
**O'NEILL, and FOX, O'NEILL & SHANNON, S.C.**
        **Defendants.**

---

## DECISION AND ORDER

In recent years, Malgorzata Kubiak, an Illinois resident, has been initiating frivolous legal proceedings in the United States District Court for the Northern District of Illinois. On January 15, 2015, the Executive Committee of that court noted her history of filing frivolous actions and added her to its list of restricted filers, meaning that she cannot institute new civil actions in that district without the executive committee's permission. See In re Malgorzata Kubiak, N.D. Ill. Case No. 15-CV-0353. No longer able to file frivolous suits in federal court in the Northern District of Illinois, Kubiak turned to the Eastern District of Wisconsin. Earlier this year, Kubiak attempted to remove a case pending in Cook County, Illinois, to this district. See Peterson v. Kubiak, E.D. Wis. Case No. 15-C-0751. A judge of this court quickly remanded the case on the ground that 28 U.S.C. § 1441(a) does not permit a party to remove an Illinois case to a Wisconsin federal court. Id. at ECF No. 7 (Order of June 30, 2015).

Shortly after the judge remanded the Cook County case, Kubiak filed the complaint in the present action, which is the latest in her series of frivolous filings. The complaint purports to state claims under the Fair Debt Collection Practices Act ("FDCPA") against two

lawyers, Thomas Shannon and Bruce O'Neill, and their law firm, Fox, O'Neill & Shannon, S.C. Along with her complaint, Kubiak filed a petition to proceed in forma pauperis under 28 U.S.C. § 1915. One of the defendants, Shannon, filed a response to the petition and contends that Kubiak's allegation of poverty is untrue. That defendant later filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1). Kubiak, in turn, filed a motion for default judgments against all three defendants.

The complaint consists largely of conclusory allegations and insults directed at the defendants and the Illinois state courts. In determining whether the complaint states a claim,[1] I disregard these allegations. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint's few concrete factual allegations reveal that this suit is an attempt by Kubiak to avoid paying a judgment entered against her by the circuit court in Waukesha County, Wisconsin. See Peterson v. Kubiak, Waukesha County Circuit Court Case No. 13-CV-2669.[2] In that suit, Shannon and O'Neill represented Leigh Peterson, who alleged that Kubiak was liable to her for failing to repay a $100,000 loan. The complaint in that suit

---

[1]Although only Shannon has filed a motion to dismiss, I will review the complaint to determine whether it states a claim against any defendant. I do this because the complaint consistently refers to all three defendants collectively as "co-defendants." Thus, if the claims against Shannon must be dismissed, the claims against the remaining defendants must also be dismissed. Moreover, the statute governing proceedings in which a plaintiff has requested leave to proceed in forma pauperis allows me to dismiss claims against a defendant without waiting for a motion from that defendant. See 28 U.S.C. § 1915(e)(2).

[2]In addition to the allegations of the complaint, I will consider the court records filed in Waukesha County and in Illinois. I may consider such documents in connection with a motion to dismiss for failure to state a claim without treating the motion as one for summary judgment. See Fed. R. Civ. P. 12(d); Ennenga v. Starns, 677 F.3d 766, 773–74 (7th Cir. 2012).

2

was filed on November 21, 2013. On June 10, 2014, the court entered judgment in favor of Peterson and against Kubiak in the amount of $103,240.52.

On June 25, 2014, Peterson, still represented by the defendants, registered the Waukesha judgment in Illinois. See Cook County Circuit Court Case No. 2014-L-050491. Kubiak removed that case to the Northern District of Illinois, which remanded the case back to Cook County. Kubiak appealed the remand order to the Seventh Circuit, but that court dismissed for lack of jurisdiction.

On September 23, 2014, in an effort to collect the Waukesha judgment, Peterson filed a garnishment in the Cook County action. She named Kubiak's employer as the garnishee. Kubiak filed motions opposing the garnishment, which were denied. Kubiak then removed the garnishment action to the Northern District of Illinois. See Peterson v. Kubiak, N.D. Ill. Case No. 14-CV-9003. The Northern District of Illinois remanded the case back to Cook County on March 18, 2015. Kubiak appealed the remand order to the Seventh Circuit, and the Seventh Circuit dismissed the appeal for lack of jurisdiction. Back in state court, Kubiak filed a motion to reconsider in the garnishment action; the motion was denied. Kubiak appealed that ruling to the Illinois Appellate Court, and the appeal is pending. In addition, she tried to remove the garnishment action to the Northern District of Illinois a second time, but was prevented from doing so by the Executive Committee's order. She then removed the case to this court but, as noted, a judge of this court quickly remanded the case to Cook County.

Kubiak filed the complaint in the present action on July 6, 2015. The complaint is framed in terms of several "counts," but all counts are variations on the same theme: that the defendants violated the FDCPA by prosecuting the Waukesha County action and by

3

attempting to collect the judgment awarded in that action. For several reasons, I conclude that Kubiak has not stated FDCPA claims against the defendants.[3]

Kubiak's primary claim is that the defendants violated the FDCPA by alleging in the Waukesha County lawsuit that she was the one who was indebted to Peterson. See Compl. ¶¶ 5–7. According to Kubiak, Peterson made the loan to a third party, Howard Leventhal.[4] Kubiak alleges that the defendants knew that it was Leventhal who borrowed the money but decided to file suit against her instead. Kubiak claims that the defendants' actions in prosecuting the Waukesha County lawsuit resulted in them making false or misleading representations in connection with the collection of Peterson's debt, in violation of 15 U.S.C. § 1692e.[5] This claim must be dismissed under the Rooker-Feldman doctrine, which applies when a state court's judgment is the source of the injury of which the plaintiff complains in federal court. Harold v. Steel, 773 F.3d 884, 885 (7th Cir. 2014). Here, the

---

[3]In her complaint, Kubiak makes reference to state-law tort theories such as defamation, malicious prosecution, and abuse of process, but it is not clear whether she intended to assert claims under state law. In any event, because Kubiak has failed to state a federal claim, I would decline to exercise supplemental jurisdiction over any state claims. See 28 U.S.C. § 1367(c)(3).

[4]Leventhal is Kubiak's ex-husband. He, like Kubiak, has a history of filing frivolous suits and is barred from filing civil cases in the Northern District of Illinois without permission from that court's Executive Committee. See In re Howard Leventhal, N.D. Ill. Case No. 15-CV-0352. Leventhal has also pleaded guilty to wire fraud and aggravated identity theft in a case pending in the Eastern District of New York. See United States v. Leventhal, E.D.N.Y. Case No. 13-CR-000695.

[5]For the defendants to be liable under the FDCPA, they must fit the Act's definition of "debt collector." 15 U.S.C. § 1692a(6). A lawyer who "regularly" tries to collect consumer debts fits that definition. Heintz v. Jenkins, 514 U.S. 291 (1995). The complaint alleges in conclusory fashion that the defendants regularly engage in debt collection. Compl. ¶ 2. However, the defendants deny that they do so. For purposes of the motion to dismiss, I assume without deciding that Kubiak has adequately alleged that the defendants are debt collectors.

4

Waukesha County court entered judgment in favor of Peterson and against Kubiak, and in doing so it necessarily determined that Kubiak, not Leventhal, is the person who is indebted to Peterson. Any injury that Kubiak suffered because of the defendants' representations that she is the debtor is thus traceable to the Waukesha judgment. For this reason, any claim based on the defendants' allegedly false statements in the Waukesha action is barred by the Rooker-Feldman doctrine. See id. at 885–87 (FDCPA claim alleging injury caused by false statements made during state-court proceeding that resulted in judgment against FDCPA plaintiff is barred by Rooker-Feldman). The Rooker-Feldman doctrine is jurisdictional, and therefore I must dismiss this claim for lack of subject-matter jurisdiction.

Kubiak also alleges that the defendants violated the debt-validation provisions of the FDCPA, 15 U.S.C. § 1692g, by filing the Waukesha County lawsuit without providing her with the written notice required by those provisions. Compl. ¶¶ 31–32. However, because the complaint in the Waukesha action was filed more than one year before Kubiak filed this action, any claim based on the contents of that complaint is barred by the FDCPA's statute of limitations. See 15 U.S.C. § 1692k(d).[6] In addition, the claim fails because the FDCPA has been amended to state that its debt-validation provisions do not apply to legal pleadings. 15 U.S.C. § 1692g(d); Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 472–73 (7th Cir. 2007).

---

[6]The statute of limitations is an affirmative defense, and ordinarily it is improper to dismiss a complaint under Rule 12(b)(6) on the basis of an affirmative defense. However, where, as here, the complaint and judicially noticeable documents make clear that the claim is barred by an affirmative defense, dismissal under Rule 12(b)(6) is proper. See Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004).

Next, Kubiak alleges that the defendants' attempts to collect the Waukesha judgment by registering it in Illinois and initiating garnishment proceedings constitute "harassment and abuse," in violation of 15 U.S.C. § 1692d, and "unfair practices," in violation of 15 U.S.C. § 1692f. Compl. ¶¶ 9–15, 29. Any claims based on the outcome of the legal proceedings in Illinois state court are likely barred by the Rooker-Feldman doctrine. Alternatively, they fail on the merits. A lawyer's commencing and prosecuting a garnishment action to collect a valid judgment cannot plausibly be characterized as harassment, abuse, or an unfair practice under the FDCPA.[7]

Finally, Kubiak alleges that the defendants violated the FDCPA's venue provisions, 15 U.S.C. § 1692i, by commencing legal actions in judicial districts in which she did not reside. To the extent Kubiak's claim is based on the defendants' filing the Waukesha County action, it is barred by the one-year statute of limitations, as that action was filed more than one year before Kubiak filed this suit. To the extent the claim is based on the defendants' filing the Illinois garnishment action, it is barred because that action was not "against any consumer" within the meaning of § 1692i(a); rather, it was against Kubiak's

---

[7]Kubiak also alleges that Peterson, who had employed Kubiak's mother, threatened to terminate Kubiak's mother's employment and then did terminate her employment to coerce Kubiak into repaying the loan. Compl. ¶ 8. However, Peterson is not a defendant in this case (nor is she a "debt collector" within the meaning of the FDCPA). The complaint alleges in conclusory fashion that the defendants "conspired" with Peterson in her decision to terminate Kubiak's mother, but such a conclusory allegation is insufficient to state a claim against the defendants. See Redd v. Nolan, 663 F.3d 287, 292 (7th Cir. 2011) (holding that bare assertion that defendant acted in conspiracy with another is an unsupported legal conclusion that a court is not bound to accept as true). For the same reasons, Kubiak's allegation that the defendants conspired with Peterson to cause her to make frequent phone calls and send emails requesting payment of the debt, Compl. ¶ 16, does not state a claim for relief.

employer. Johnson v. Blitt & Gaines, PC, __F. Supp. 3d __, 2015 WL 4100481, at *3–7 (N.D. Ill. July 7, 2015).

Accordingly, Kubiak's complaint must be dismissed. Because it is clear that Kubiak cannot cure the defects identified above, I will not grant her leave to file an amended complaint and will instead dismiss this action in its entirety. Her motion to proceed in forma pauperis will be denied as moot. Finally, her motion for default judgments will be denied on the ground that none of the defendants is in default.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED**, and that the complaint and this action are **DISMISSED**. Any claims based on injuries caused by state-court judgments are dismissed for lack of jurisdiction. All other claims are dismissed on the merits.

**IT IS FURTHER ORDERED** that plaintiff's petition to proceed in forma pauperis is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgments is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2015.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge